NO. 07-07-0403-CR
 
IN THE COURT OF APPEALS
 
FOR THE SEVENTH DISTRICT OF TEXAS
 
AT AMARILLO
 
PANEL A
 
JANUARY 14, 2009
 
______________________________
 
 
JAMES MILTON ROBERTS, APPELLANT
 
V.
 
THE STATE OF TEXAS, APPELLEE
 
_________________________________
 
FROM THE 410TH DISTRICT COURT OF MONTGOMERY COUNTY;
 
NO. 07-07-07649-CR; HONORABLE K. MICHAEL MAYES, JUDGE
 
_______________________________
 
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
           Following a plea of not guilty, Appellant, James Milton Roberts, was convicted by a jury
of two separate counts of aggravated sexual assault. After pleading true to the enhancement
paragraphs, Appellant was sentenced as a habitual sex offender and punishment was
assessed by the trial court at confinement for life. Notwithstanding that the appellate record
and briefs have been filed, it has come to this Court’s attention that both Trial Court’s
Certifications of Defendant’s Right of Appeal signed on September 4, 2007, contained in the
clerk’s record do not comply with Rule 25.2(d) of the Texas Rules of Appellate Procedure. Rule
25.2(d) was amended effective September 1, 2007, to require that a defendant sign the
certification and receive a copy. Additionally, the amended form provides certain
admonishments to a defendant not previously required.



           Although sentence was imposed on August 8, 2007, the certification forms were not
signed until September 4, 2007, and procedural rules generally control litigation from their
effective date. Wilson v. State, 473 S.W.2d 532, 535 (Tex.Crim.App. 1971). Consequently, we
abate this appeal and remand this cause to the trial court for further proceedings. Upon remand,
the trial court shall utilize whatever means necessary to secure a proper Certification of
Defendant’s Right of Appeal in compliance with Rule 25.2(d) for each separate count. Once
properly completed and executed, the certifications shall be included in a supplemental clerk’s
record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause the supplemental clerk's
record to be filed with the Clerk of this Court by March 16, 2009. This order constitutes notice to
all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective
certifications. If a supplemental clerk’s record containing proper certifications is not filed in
accordance with this order, this matter will be referred to the Court for dismissal. See Tex. R.
App. P. 25.2(d). 
           It is so ordered.
                                                                                  Per Curiam
Do not publish.